| | |
|---|---|
| LAW OFFICES OF ALLEN A. KOLBER, ESQ. | Hearing Date: November 14, 2018 |
| Attorneys for Debtors | Hearing Time: 10:00 a.m. |
| 134 Rt. 59, Suite A | |
| Suffern, NY 10901 | |
| (845) 918-1277 | |
| Allen A. Kolber, Esq. (AK0243) | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

In Re:                                                              Chapter 13

**ABRAHAM MEISELS**                                Case No. 18-22417(rdd)

                              **Debtor.**
_____x

NOTICE OF MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§506(a)
AND 506(d) DETERMINING THE AMOUNT OF SECURED CLAIM OF NATIONSTAR
MORTGAGE LLC D/B/A MR. COOPER WITH RESPECT TO INVESTMENT
PROPERTY LOCATED AT 48 N. COLE AVENUE, SPRING VALLEY, NY 10977

AND OBJECTING TO CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FEDERAL RULE
OF BANKRUPTCY PROCEDURE 3007

**S I R S:**

      **PLEASE TAKE NOTICE** that the upon the annexed Affidavit of Debtor ABRAHAM MEISELS , and his attorney, Allen A. Kolber, Esq., and all Exhibits therein, seeking the entry of an Order pursuant to 11 U.S.C. §§ 506(a), 506(d) and 502 (a)(1). and Federal Rule of Bankruptcy Procedure 3007, a hearing will be held on **November 14, 2018, at 10:00 a.m.** before the Honorable D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, as follows:

      (a) Valuing the secured lien held by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER against the Debtor's real property at $215,000 and

      (b) Reclassifying the unsecured claim of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER at $458,114.98, and

      (c) for such other and further relief as to this Court may seem just and proper

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief Debtor seeks to obtain must be in writing, conform to the requirements of the Bankruptcy code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and must be filed and served no later than three (3) business days prior to the hearing date ("Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-182, any objection filed by parties with representation shall be filed on or before the objection Deadline (i) through the Bankruptcy Court's Electronic Filing System which may be accessed at the Bankruptcy Court's internet web at http://www.nysb.uscourts.gov, and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion.

**PLEASE TAKE FURTHER NOTICE** that any party that is either without legal representation, or that is unable to file documents electronically or create documents in PDF format, shall file its objection on or before the objection Deadline in either Word, WordPerfect or DOS text (ASCII) format on 3-1/2" floppy diskette in an envelope clearly marked with the case name, case number, type and title of document, document number of the document to which the objection refers and the file name of the documents.

**PLEASE TAKE FURTHER NOTICE** that a "hard copy" of any objections must be hand delivered to the Chambers of the Honorable, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601 on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, must be served in accordance with the provisions of General Order M-182 so that they are received on or before the Objection Deadline by The Law Offices of Allen A. Kolber, Esq., 134 Rt. 59, Suite A, Suffern, NY  10901

Dated:  Rockland County, New York
September 3, 2018,

*/s/* *Allen A. Kolber*
ALLEN A. KOLBER, ESQ.
Attorney for Debtor ABRAHAM MEISELS
134 Route 59, Suite A
Suffern, NY  10901
(845) 918-1277

TO:   Krista M. Preuss, Esq.
      Chapter 13 Trustee
      399 Knollwood Road, Suite 102
      White Plains, NY 10603

      U.S. Trustee's Office
      U.S. Federal Office Building
      201 Varick St., Room 1006
      New York, NY 10014

      Michael J. Chatwin, Esq.
      Shapiro, DiCaro & Barak, LLC
      Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper
      175 Mile Crossing Blvd.
      Rochester, NY 14624

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | Hearing Date: November 14, 2018<br>Hearing Time: 10:00a.m. |

_____x
**In Re:**

**ABRAHAM MEISELS ,**                                                          Chapter 13

                                                                                              Case No. 18-22417(rdd)

                                              **Debtor.**
_____x

**TO THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

**DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§506 AND 506(d) DETERMINING THE AMOUNT OF SECURED CLAIM OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER WITH RESPECT TO INVESTMENT PROPERTY LOCATED AT 48 N. COLE AVENUE, SPRING VALLEY, NY 10977**

**AND OBJECTING TO CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007**

Debtor ABRAHAM MEISELS, by his attorney of record, Allen A. Kolber, Esq., and in support of his Motion to determine the secured status of a mortgage loan on Debtor's Investment Property, states as follows:

**Factual Allegation:**

1. The Debtor filed a Petition for relief under Chapter 13 of the United States Bankruptcy Code on March 19, 2018.

2. The Debtor is the owner of certain real property located at 48 N. Cole Avenue, Spring Valley, NY 10977 ("the Property"), and maintains this property as an investment property.

3. A copy of the Deed is annexed hereto as Exhibit "A".

4. The subject of this Motion is the NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER ("NATIONSTAR MORTGAGE") mortgage that encumbers this Investment Property. Since the filing of the Bankruptcy Petition, the Debtor has continued in the management and supervision of the Investment Property.

5. The Debtor's goal is to preserve the Investment Property and pay creditors in full or in part with employment and rental income.

**Appraisal of Residential Real Estate:**

6. On or about April 12, 2018, First Quality Appraisals, a New York State Certified General Appraiser, performed an appraisal of the Investment Property and determined it to have a fair market value of $215,000. Annexed hereto as Exhibit "B" is a copy of said Appraisal.

7. **Based on the foregoing Appraisal, Debtor submits that the fair market value of the Investment Property is $215,000.**

**Mortgages on the Investment Property:**

8. At the time of the filing of the Petition herein, said property was encumbered by a mortgage in favor of **NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,** with an alleged balance of $673,114.98 (Attached hereto as Exhibit "C is a copy of a Proof of Claim filed by NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, showing a balance due of $673,114.98 at the time of the bankruptcy filing.)

9. **The appraised value of the home exceeds the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, on the Investment Property by $458,114.98.**

**The Mortgage and Judgment lien held by Nationstar Mortgage LLC d/b/a Mr. Cooper should be bifurcated into a secured claim of $215,000 and an unsecured claim of $458,114.98.**

10. Section 506(a) of the United States Bankruptcy Code provides, in pertinent part:

> "(a)    An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim . . . . Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. "  11 U.S.C. § 506(a).

11. Section 506(d) of the United States Bankruptcy Code provides, in pertinent part:

"(d)    To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . ."

12. In the instant case, the secured claim of NATIONSTAR MORTGAGE relating to the Investment Property should be bifurcated into a secured claim and lien of $215,000 and an unsecured claim of $458,114.98 (*see* 11 U.S.C. § 506(a) and *In re Thompson*, 352 F.3d 419 (2d Cir. 2003).

13. The facts and circumstances set forth herein do not present novel issues of fact or law and Debtors respectfully request the Court to waive the requirement of filing a Memorandum of Law.

**WHEREFORE**, it is respectfully requested that Debtor's relief be granted in full and for such other and further relief that this Court may deem just and proper.

Dated:  Rockland County, New York
        September 3, 2018,

                                    LAW OFFICES OF ALLEN A. KOLBER, ESQ.

                                    By:  /s/ *Allen A. Kolber*
                                         Allen A. Kolber (AK0243)
                                         Attorneys for Debtor ABRAHAM MEISELS
                                         134 Rt. 59, Suite A
                                         Suffern, NY  10901
                                         (845) 918-1277

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
In Re:

**ABRAHAM MEISELS ,**                                                                 **Chapter 13**
                                                                                      **Case No. 18--22668(rdd)**
                                    **Debtor.**
_____x

**ORDER DETERMINING AMOUNT OF SECURED CLAIM OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER PURSUANT TO 11 U.S.C. §§ 506(a) AND (506(d) AND FED.R.BANKR.P. 3007 WITH RESPECT TO THE MORTGAGE ON INVESTMENT PROPERTY LOCATED AT 48 N. COLE AVENUE, SPRING VALLEY, NY 10977**

ABRAHAM MEISELS (the "Debtor"), by his attorney, Allen A. Kolber, Esq., having served and filed a Motion dated September 3, 2018 in support of an Application to determine the secured status of and to reclassify the lien of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER on Debtor's Investment Property located at 48 N. Cole Avenue, Spring Valley, NY 10977 ("Investment Property"), and there being due and sufficient notice of the Motion and the hearing thereon; and upon the record of the hearing on the Motion; and there being no opposition to the Motion; and after due deliberation it appearing that the value of the Investment Property is $215,000 and that there is $215,000 of collateral securing the mortgage held by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, and due and sufficient cause appearing, it is hereby

**ORDERED**, that the Motion is granted and further;

**ORDERED** that the secured claim of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER relating to the Investment Property should be bifurcated into a secured claim and lien of $215,000 and an unsecured claim of $458,114.98 (*see* 11 U.S.C. § 506(a) and *In re Thompson*, 352 F.3d 419 (2d Cir. 2003). If any amendment to such claim is filed that increases the amount of such claim, any such increase shall also be treated as an unsecured claim.

Dated:  White Plains, New York
             _____, 2018

                                                                    _____
                                                                    HONORABLE ROBERT D. DRAIN
                                                                    UNITED STATES BANKRUPTCY JUDGE